# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **PAWEL HENRYK PIERZCHALA** | : | **DOCKET NO. 2:04-cv-230**<br>**Section P** |
| **VS.** | : | **JUDGE MINALDI** |
| **CRAIG ROBINSON, ET AL.** | : | **MAGISTRATE JUDGE WILSON** |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed on behalf of petitioner, Pawel Henryk Pierzchala, pursuant to 28 U.S.C. § 2241. In this petition for writ of *habeas corpus,* the petitioner challenges his removal order on the grounds that he was denied the opportunity to apply for relief under former § 212(c) of the INA. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

## FACTS

Petitioner is a native and citizen of Poland who had been accorded lawful permanent resident status in the United States. He departed from the United States and sought to be re-admitted as a returning lawful permanent resident on May 27, 2002. However, based upon his prior criminal history[1], he was determined not to be an admissible alien and was paroled into the United States pending a removal hearing.

---

[1] Petitioner has three convictions which were obtained in an Ohio state court: (1) on July 11, 1980, petitioner was convicted of burglary; (2) on January 12, 1982, he was convicted of grand theft; and (3) on July 13, 2000, he was convicted of domestic violence. *See* Decision of Immigration Judge dated May 21, 2003.

On May 21,2003, an immigration judge found petitioner to be inadmissible based upon his criminal record. He immigration judge also found petitioner to be ineligible for relief from removal. Specifically, he found petitioner ineligible to apply for relief under former § 212(c) based upon his 2000 conviction for domestic violence and ineligible for cancellation of removal because petitioner's burglary and grand theft convictions constitute aggravated felonies under the INA. *See* Decision of IJ dated May 21, 2003, pp.3-4.

On June 20, 2003, the petitioner filed a "Motion ro Reopen" with the immigration judge. In this motion, the petitioner indicated that his 2000 domestic violence conviction had been vacated on May 29, 2003 based upon a procedural or substantive defect in the underlying criminal proceedings. Thus, he argued that as a consequence of this vacatur "on the merits", he was now eligible to apply for relief under former § 212(c). Despite finding merit with the petitioner's argument, the immigration judge, nevertheless, concluded that under Fifth Circuit law, a vacated conviction remains a conviction for immigration purposes and denied the motion to reopen. *See* Decision of IJ dated July 17, 2003, p.7, citing *Renteria-Gonzalez v. INS*, 322 F.3d 804 (5th Cir. 2002) and *Matter of Pickering*, 23 I&N Dec. 621, 624 n.2 (BIA 2003)(interpreting the language of *Renteria-Gonzalez* broadly).

Petitioner appealed this decision to the Fifth Circuit which dismissed his appeal for lack of jurisdiction on February 9, 2004. *See Pierzchala v. Ashcroft*, No. 03-60940 (5th Cir. Feb. 9, 2004).

On January 20, 2004, petitioner filed this petition for writ of *habeas corpus* challenging his removal order and seeking to have this court determine that he is eligible to apply for relief under former § 212(c) of the INA. In response to this petition, the respondent filed a Motion to Dismiss, arguing that Fifth Circuit law forecloses the petitioner's argument that his vacated conviction is not

2

a "conviction" for immigration purposes.

On July 19, 2004, a Report and Recommendation was issued wherein the undersigned cited *Renteria-Gonzalez*, 322 F.3d 804, 812-13 (2002) and *Discipio v. Ashcroft*, 369 F.3d 472, 473-75 (5th Cir. 2004) and concluded that "because this court is bound to follow the law as interpreted by the Fifth Circuit, it must find that petitioner is not entitled to the relief that he seeks." [Doc. 6, p.3]. Following the issuance of this Report and Recommendation, the district judge administratively closed this case pending the Fifth Circuit's decision on a motion for *en banc* rehearing in *Discipio*. [Doc. 11]. On July 13, 2005, the Fifth Circuit denied the motion for *en banc* rehearing as moot; ordered its prior panel opinion in *Discipio* vacated; and remanded the case to the Board of Immigration Appeals to allow the Attorney General to terminate removal proceedings against the petitioner. *Discipio v. Ashcroft*, — F.3d —, 2005 WL 1635190 (5th Cir. 2005). The next day Judge Minaldi reopened this case and ordered the parties to file supplemental briefs discussing the effect of the *Discipio* opinion on their respective positions. [Doc. 12]. The delay for filing the supplemental briefs has passed, and this matter is before the undersigned for consideration once again.

## LAW AND ANALYSIS

As a threshold matter, this court must consider its jurisdiction to review petitioner's challenge to his removal order.

On May 11, 2005, President Bush signed into law the "REAL ID Act of 2005. *See* Pub.L.No.109-13, Div. B, 119 Stat. 231.[2] Section 106 of this Act specifically addresses judicial

---

[2] The "Real ID Act of 2005" is Division B of the "Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005" (Public Law 109-13).

3

review of removal orders. Section 106(a) of the REAL ID Act of 2005 amends INA § 242(a) to clarify that a petition filed in the appropriate court of appeals in accordance with § 242 is the sole and exclusive means for obtaining judicial review of an order of removal and that a petition for writ of *habeas corpus* is not an appropriate vehicle for challenging a removal order. These jurisdictional amendments became effective upon enactment of this Act. *See* § 106(b). In order to implement these amendments, § 106(c) provides for the transfer of pending *habeas corpus* petitions which challenge removal orders to the appropriate court of appeals. This section states as follows:

> (c) TRANSFER OF CASES.-- If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note). The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under such section 242, except that subsection (b)(1) of such section shall not apply.

In light of this recent legislation, the undersigned finds that this court lacks jurisdiction to consider petitioner's *habeas corpus* petition which challenges his removal order.

Because this petition was pending on the date that the REAL ID Act of 2005 was enacted, this petition should be transferred to the Fifth Circuit Court of Appeals in accordance with § 106(c) of that Act. Accordingly,

IT IS RECOMMENDED that this petition be TRANSFERRED to the Fifth Circuit Court of Appeals.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court.

Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 23rd day of August, 2005.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE